**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

APRIL CLARK,

              **Plaintiff,**

v.

Blueprint Investments, LLC, et al.,

              **Defendants.**

                                           **Civil Action 2:24-cv-2054
Chief Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson**

<u>**ORDER AND REPORT AND RECOMMENDATION**</u>

Plaintiff, April Clark, an Ohio resident who is proceeding *pro se*, brings this action against Defendants Blueprint Investments, LLC; Brysod Anderson; Aaron McDaniel; Whitney Ramsey; Alex Castle; and Griffith Law Office.  This matter is before the Undersigned for consideration of Plaintiff's request to proceed *in forma pauperis* (Doc. 1 at 1).  That request is **GRANTED**.  All judicial officers who render services in this action shall do so as if the costs have been prepaid.  28 U.S.C. § 1915(a).

Because Plaintiff is proceeding *in forma pauperis*, the Court would normally perform an initial screen that would dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In this case, Plaintiff styles her filing as a removal pursuant to 28 U.S.C. § 1441.  (Doc. 1-1 ("Notice of Removal from State Court Cause of Action to Federal Court . . ." (cleaned up)).  Because the Undersigned concludes that the Court lacks subject matter jurisdiction, it is unnecessary to screen further Plaintiff's complaint.  Consequently, the Undersigned **RECOMMENDS REMANDING** these proceedings back to state court.

## I.     DISCUSSION

Plaintiff seeks to remove four state court actions: one case initiated by her in the Franklin County Court of Common Pleas (Case No. 2024-CV-1652); two landlord-tenant proceedings against her in the Franklin County Municipal Court (Case Nos. 2024-CVG-12030, 2024-CVG-15962); and one rent escrow program case with the Franklin County Municipal Court (Case No. 2024-CVR-9565).  (Doc. 1-1 at 4).  Looking past Plaintiff's possibly improper attempt to remove four separate state court actions as one federal action, the Court ultimately does not have jurisdiction to hear any of these cases.

### A.     Franklin County Court of Common Pleas Case

Plaintiff initiated a lawsuit in the Franklin County Court of Common Pleas Case on February 26, 2024.  (Doc. 1-2).  She asserted claims of breach of contract, retaliation, and discrimination against Aaron McDaniel and Blueprint Investments, LLC.  (*Id.* at 10–11).  It is unnecessary to delve further into Plaintiff's claims because removal was improper.

Twenty-eight U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  The procedure for a removal under Section 1441 is defined in 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . .").

But these statutes do not provide a removal mechanism for Plaintiff in this case.  It is well settled that "the plaintiff in a state court action is not authorized to remove a case from state to federal court under § 1441(a)."  *Fontain v. Sandhu*, No. 1:22-CV-124, 2022 WL 3097511, at *2

(S.D. Ohio Aug. 4, 2022) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)) (collecting cases). Indeed, the plain language of the statutes provide for a "defendant or defendants" to remove—not a plaintiff. *Id.* As this Court previously stated "[o]f course, that only makes sense—the plaintiff chose to bring the action in state court." *Id.*; *see also CitiMortgage, Inc. v. Priebe*, No. 1:05 CV 1238, 2005 WL 8166294, at *2 (N.D. Ohio Aug. 15, 2005) ("[F]ederal courts have consistently held that it is clear that the privilege of removal extends only to defendants and not to plaintiffs." (citation and internal quotation marks omitted)). Therefore, the Court cannot accept jurisdiction here. *See Lofton v. Affiliated Computer Servs., LLC*, No. 15-2511-STA-DKV, 2016 WL 325157, at *2 (W.D. Tenn. Jan. 27, 2016) (citing *In re Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 849, 854 (6th Cir. 2012)) ("The Court concludes then that Plaintiff's attempt to remove his own claim from state court to federal court is procedurally defective and simply not cognizable under federal law."); *cf. First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 467 (6th Cir. 2002) (finding "the district court never had subject matter jurisdiction over the removed case" when the case was improperly removed by a third-party defendant).

Because Plaintiff may not remove her own case from state court to federal court, this case must be remanded "to the state court from which it was removed." 28 U.S.C. § 1447(d); *see also Portage Cnty. Bd. of Comm'rs v. City of Akron*, 12 F. Supp. 2d 693, 697 (N.D. Ohio 1998) ("If a case is improperly removed to federal court pursuant to 28 U.S.C. § 1441, the court must remand the case back to the state court from which it was removed . . . Remand may be initiated *sua sponte* or upon motion of a party.") (citation omitted). Accordingly, the Undersigned **RECOMMENDS REMANDING** this case to the Franklin County Court of Common Pleas.

## B.     Franklin County Municipal Court Cases

The Undersigned now turns to the two landlord-tenant actions proceeding against Plaintiff and the rent escrow program case[1] removed from the Franklin County Municipal Court. As previously explained 28 U.S.C. 1441(a) allows a defendant to remove a civil action brought in state court of which a federal court has "original jurisdiction." "In other words, the action must have been a case which could have been brought originally in the proper federal court." *Border City Sav. & Loan Ass'n v. Kennecorp Mortg. & Equities, Inc.*, 523 F. Supp. 190, 192 (S.D. Ohio 1981). Here, Plaintiff asserts that the Court has original jurisdiction for claims arising under federal laws, namely the Fair Housing Act, the Americans with Disability Act, 18 U.S.C. § 2071 (Concealment, removal, or mutilation generally), and 42 U.S.C. § 1983. (*See* Doc. 1-1). Despite Plaintiff's assertions contrary, these actions could not have originally been brought in this Court.

"Whether a claim arises under federal law for purposes of federal question jurisdiction is governed by the 'well-pleaded complaint' rule, which provides that 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Archer v. Arms Tech., Inc.*, 72 F. Supp. 2d 784, 787 (E.D. Mich. 1999) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "A corollary to the 'well-pleaded complaint' rule is that a defendant may not remove a case to federal court on the basis of an affirmative defense or counterclaim raising a federal question." *Id.* (citing *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470 (1998)); *see also Clarkston v. Hubbard*, 91 F.3d 143 (Table) (6th Cir. 1996). ("[T]he claim or

---

[1] It is unclear if the rent escrow program case is a type of controversy that can be removed to federal court. The Undersigned takes notice that the rent escrow program in the Franklin County Municipal Court allows tenants to deposit their rent payment with the court if a landlord is allegedly shirking a legal duty. *See* Franklin County Municipal Court, *Escrow*, https://municipalcourt.franklincountyohio.gov/Departments-Services/Self-Help-Center/Self-Help-Articles/Escrow (last visited May 8, 2024). Once initiated, the parties either proceed to landlord-tenant mediation or an escrow hearing. *Id.* And the application for the program styles the parties as "tenant" and "landlord" instead of as "plaintiff" and "defendant." *See* Doc. 1-2 at 24. Because there are other obvious jurisdictional problems, the Undersigned does not comment on whether this type of case could be successfully removed to federal court by a tenant or at all.

right arising under federal law that provides the basis for federal jurisdiction is the *plaintiff's* claim or right.  As a general rule, the federal question must be found in the plaintiff's "well-pleaded" complaint, and not in the defendant's notice of removal.").  A federal "counterclaim does not change the character of [the state court plaintiff's] complaint any more than does the defendant's other pleadings." *Border City Sav. & Loan Ass'n*, 523 F. Supp. at 192.  "In short, a federal question alleged in a counterclaim does not, in and of itself, confer jurisdiction upon a federal court."  *Id.* at 192–93.

Plaintiff's 221-page filing contains what appears to be random and unclearly dated and labeled motions she has brought in all three cases.  She included only one of the original complaints. (Doc. 1-2 at 21).  But as best the Undersigned can tell, all three proceedings relate to eviction and are grounded in state law.  (*See id.* (complaint noting Plaintiff was served with an eviction notice and requesting restitution of the premises)).  The federal laws Plaintiff cites as giving the Court original jurisdiction appear to be claims she either brought or attempted to bring as counterclaims in the state court proceedings or claims she wishes to assert upon removal.  (*See, e.g.*, Docs. 1-1 at 4, 1-4 at 12–14, 1-7 at 4–5, 1-17 at 11).  As explained above, none of these scenarios confer the Court with the jurisdiction to hear this case, and Plaintiff has asserted no other basis for original jurisdiction.

Because Plaintiff's only basis for federal jurisdiction are counterclaims arising under federal law, the court lacks subject-matter jurisdiction.  These cases should also be remanded "to the state court from which it was removed."  28 U.S.C. § 1447(d); *see Anthony Marano Co. v. Sherman*, 925 F. Supp. 2d 864, 865 (E.D. Mich. 2013) ("[A] district court may remand *sua sponte* for lack of subject matter jurisdiction . . . .").  Accordingly, the Undersigned **RECOMMENDS REMANDING** these cases to the Franklin County Municipal Court.

## II.     CONCLUSION

For the foregoing reasons, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**, but the Undersigned **RECOMMENDS REMANDING** these proceedings back to state court.  The Undersigned **FURTHER RECOMMENDS** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons, an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis.  See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: May 8, 2024                    /s/ Kimberly A. Jolson
                                     KIMBERLY A. JOLSON
                                     UNITED STATES MAGISTRATE JUDGE