IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| APRIL CLARK, | : | Case No. 2:24-cv-02054 |
| Plaintiffs, | : | |
| | : | Judge Algenon L. Marbley |
| v. | : | |
| | : | Magistrate Judge Kimberly A. Jolson |
| BLUEPRINT INVESTMENTS, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

This matter is before this Court on Plaintiff April Clark's Objection (ECF No. 8) to the Magistrate Judge's May 8, 2024, Order and Report and Recommendation (R&R) (ECF No. 6). For the reasons stated below, the R&R (ECF No. 6) is **ADOPTED**. Accordingly, Ms. Clark's Objection (ECF No. 6) is **OVERRULED**, Ms. Clark's Motion to Vacate the R&R and Motion for Reconsideration of the R&R (ECF Nos. 12, 13) are **DENIED**, and the cases are **REMANDED** to the Franklin County Court of Common Pleas and the Franklin County Municipal Court. Defendants Blueprint Investments Company, LLC, Aaron McDaniel, Alex Castle, and Griffith Law Offices Motions to Strike and Remand to State Court (ECF No. 16) are **DENIED as moot**.

### I.  BACKGROUND

On April 30, 2024, Ms. Clark requested a "fee waiver" to remove four cases to this Court: three Franklin County Municipal Court cases (Case Nos. 2024CVG12030; 2024CVR9565; and 2024CVG015962) ("Municipal Court cases") and one Franklin County Court of Common Pleas case (Case No. 24 CV 001652) ("Common Pleas case"). (ECF No. 1). Each case arises from landlord-tenant disputes which Ms. Clark argues are connected and "in conjunction with two retaliatory evictions." (ECF No. 1-1 at 4). Two of the Municipal Court cases are eviction cases

1

filed against Ms. Clark and one case is a rent escrow case filed by Ms. Clark. (ECF No. 8 at 11, 13). The Common Pleas case was filed by Ms. Clark and alleges failure of landlord to fulfill obligations, retaliation by landlord, and discriminatory practices. (ECF No. 7). In the Notice of Removal, Ms. Clark claims the cases should be removed due to federal question jurisdiction. (ECF No. 1-1at 4). She explains that the Common Pleas case is linked to the Municipal Court cases and alleges each case involves violations of the Fair Housing Act, American Disability Act, and Constitutional rights. (*Id.*).

On May 8, 2024, the Magistrate Judge issued the R&R responding to Ms. Clark's request for a "fee waiver" by treating it as a Motion for Leave to Proceed *in forma pauperis*. (ECF No. 6 at 1). The Magistrate Judge allowed Ms. Clark to proceed *in forma pauperis* and further recommended this Court remand this case due to lack of subject matter jurisdiction. (ECF No. 6).

On May 10, 2024, Ms. Clark timely filed an objection to the R&R indicating that this court has subject matter jurisdiction due to the federal questions involved in each cause of action. (ECF No. 8). Before the objection deadline, Ms. Clark additionally filed a Motion to Vacate the R&R and a Motion for Reconsideration of the R&R which appear to be duplicative filings containing the same arguments. (ECF Nos. 12, 13). Defendants Blueprint Investments Company, LLC, Aaron McDaniel, Alex Castle, and Griffith Law Offices subsequently filed a Motion to Strike and Motion for Order of Remand. (ECF No. 16).

## II. STANDARD OF REVIEW

When reviewing a party's objections to a Report and Recommendation, a district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition

2

that has been properly objected to."). Upon review, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed R. Civ. P. 72(b)(3).

In the case *sub judice*, this Court must determine whether *sua sponte* remand is proper after a plaintiff removes a case to federal court. Removal of civil actions is governed by 28 U.S.C. § 1441 which provides: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Nevertheless, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Lexington–Fayett Urban Cty. Gov't Civil Service Commission v. Overstreet,* 115 Fed. Appx. 813, 816–17 (6th Cir.2004) ("A federal court may remand a case *sua sponte* where the allegations of the complaint which gave rise to the federal jurisdictional basis are insufficient to confer subject matter jurisdiction on the court."); *Probus v. Charter Communications, LLC,* 234 Fed.Appx. 404, 406 (6th Cir.2007) ("Despite [the defendant's] failure to move to remand, the district court should have *sua sponte* addressed the issue of subject matter jurisdiction."); Fed.R.Civ.P. 12(h)(3) ("If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Federal court subject matter jurisdiction is covered by "28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). When removal is based on federal question jurisdiction, the cause of action must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A cause of action "arises under federal law only when the

3

plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987). It is settled law that "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (emphasis in original).

### III. LAW AND ANALYSIS

Ms. Clark urges this Court to find that the Common Pleas and Municipal Court cases were properly removed due to the federal questions involved. (ECF No. 13 at 22–23; ECF No. 12 at 22–23). In the objection, Clark states the matter "is a RICO qualifying matter with federal question grounded in constitutionality . . . specifically related to landlord retaliation which is a 14th amendment right violation." (ECF No. 8 at 1). In the Motion to Vacate and Motion for Reconsideration, Ms. Clark emphasizes her claim that this matter is regarding "RICO organized crime and corruption by state actors" and various federal laws and constitutional rights. (ECF No. 13 at 3, 10, 11; ECF No. 12 at 3, 10, 11).

First, the Common Pleas case indicates that Ms. Clark is plaintiff bringing the case for breach of contract, retaliation, and discrimination. (ECF No. 7). The federal statute, however, provides that a *defendant* may remove to federal court an action originally brought in a state court that could have been heard originally in a federal court. 28 U.S.C. § 1441(a). Even if federal questions are contained within the complaint filed in the Common Pleas case, Ms. Clark is seeking to remove the case as a plaintiff in the case, not as a defendant.

In her objection, Ms. Clark argues for removal of each case, including the Common Pleas case, and supports her argument by referencing 28 U.S.C. § 1446. Section 1446, however, provides the procedure for removing civil actions and limits the procedures to any "defendant or defendants

4

desiring to remove any civil action" without referencing any opportunity for a plaintiff to remove the civil action. (ECF No. 8 at 9 (citing 28 U.S.C. § 1446(a)). Section 1446 further limits its application to defendants by providing that, when an action is removed under § 1441(a) such as based on a "substantial federal question," "all defendants who have been properly joined and served must join in or consent to the removal of the action." Ms. Clark, as plaintiff in the Common Pleas case, may not remove the Common Pleas case to this Court.

Similarly, the Municipal Court cases may not be removed to this Court. If the federal court finds that it lacks subject matter jurisdiction, it must remand the case. 28 U.S.C. § 1447(c). Clark argues in the objection that the cause of action is "grounded in Federal Question" jurisdiction and "[e]ach case removed from Franklin County Municipal Court have at issue race and disability discrimination, retaliation, and RICO organized crimes and public corruption whereby this Court has subject matter jurisdiction." (ECF No. 8 at 1, 11).

In order to determine whether the claim arises under federal law, a court will examine the "well pleaded" allegations of the complaint. *Caterpillar*, 482 U.S. at 392. The "well pleaded" complaint rule provides that a cause of action arises under federal law only if a federal question is affirmatively alleged in the plaintiff's properly pleaded complaint. *Colley Investigations, Inc. v. Glob. Res. Mgmt., Inc.*, No. CIV.A. 2:06-CV-585, 2006 WL 2487001, at *2 (S.D. Ohio Aug. 28, 2006).

Here, the Municipal Court cases are based on state law: eviction cases brought against Ms. Clark and an escrow case brought by Ms. Clark. Clark does not argue that the opposing parties in the Municipal Court cases allege any federal law. Instead, Ms. Clark maintains that various rights were violated by Defendants' actions in connection with each case. (ECF No. 8 at 2). A federal right invoked as the basis for removal, however, "must be an essential element of the *plaintiff's*

5

properly pleaded *claim for relief.*" *Barclays Bank Delaware v. Schmaltz*, No. 2:23-CV-4145, 2024 WL 1671422, at *1 (S.D. Ohio Apr. 18, 2024). Ms. Clark fails to claim that the "properly pleaded claim for relief" in any of the Municipal Court cases implicate federal law. *See id*.

This Court notes that a state law claim may be removed to federal court in only two circumstances—when Congress expressly so provides, or "when a federal statute wholly displaces the state-law cause of action through complete pre-emption."[1] *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003). Ms. Clark does not argue or provide any support that either of these circumstances apply. As such, this Court does not have subject matter jurisdiction and must remand the Municipal Court cases. *See* 28 U.S.C. § 1447(c).

Accordingly, this Court finds the Municipal Court cases and Common Pleas case included in Ms. Clark's Notice of Removal must be **REMANDED**.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (ECF No. 8) are **OVERRULED** and Ms. Clark's Motion to Vacate the R&R and Motion for Reconsideration of the R&R (ECF No. 12, 13) are **DENIED**. This Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 6). This case is hereby **REMANDED.** Defendants' Motion to Strike and Emergency Motion for Order of Remand (ECF No. 16) are thus **DENIED as moot**.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

DATED: January 29, 2025

---

[1] Complete preemption is recognized under three statutes: § 301 of the Labor Management Relations Act, 1947 (LMRA), 29 U.S.C. § 185, § 502(a) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq., and § 30 of the National Bank Act, 12 U.S.C. §§ 85 & 86. *Roddy v. Grand Trunk W. R.R. Inc.*, 395 F.3d 318, 322–23 (6th Cir. 2005).